SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SEAN J. KIRBY
skirby@sheppardmullin.com
30 Rockefeller Plaza, 39th Floor
New York, New York  10112
Telephone:    212.653.8700
Facsimile:    212.653.8701

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
*(Pro Hac Vice Pending)*
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
*(Pro Hac Vice Pending)*
650 Town Center Drive, 4th Floor
Costa Mesa, California  92626-1993
Telephone:    714.513.5100
Facsimile:    714.513.5130

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LUCIA MARETT, on behalf of herself and all others similarly situated,<br><br>        Plaintiff<br><br>vs.<br><br>DEL FRISCO'S OF NEW YORK, LLC,<br><br>        Defendant | CASE NO. 1:16-cv-08907-GBD<br><br>**ANSWER TO CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**<br><br><br>Judge:     Hon. George B. Daniels<br>Trial Date:  None Set |

Defendant Del Frisco's of New York, LLC ("Defendant"), through its undersigned counsel Sheppard, Mullin, Richter & Hampton LLP, in answer to plaintiff Lucia Marett's ("Plaintiff") Complaint, admits, denies, and alleges as follows:

## **INTRODUCTION**

1.        In response to Paragraph 1 of the Complaint, Defendant denies each and every allegation.

2.        In response to Paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

3.        In response to Paragraph 3 of the Complaint, Defendant denies each and every allegation.

4.        In response to Paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

5.        In response to Paragraph 5 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

6.        In response to Paragraph 6 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

7.        In response to Paragraph 7 of the Complaint, Defendant denies each and every allegation.

8.        In response to Paragraph 8 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

9.      In response to Paragraph 9 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

10.     In response to Paragraph 10 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

11.     In response to Paragraph 11 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## JURISDICTION AND VENUE

12.     In response to Paragraph 12 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

13.     In response to Paragraph 13 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

14.     In response to Paragraph 14 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

15.     In response to Paragraph 13 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation, except admits that it maintains a restaurant and is registered to do business in New York.

## PARTIES

16.     In response to Paragraph 16 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

17.     In response to Paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

18.     In response to Paragraph 18 of the Complaint, Defendant admits that it is a New York limited liability corporation which operates restaurants with a service of process address at 15 North Mill Street, Nyack, New York, 10960.

19.     In response to Paragraph 19 of the Complaint, the allegations contained therein are vague, ambiguous, immaterial, unintelligible, contains legal arguments and conclusions for which no response is required, and the website speaks for itself.  To the extent Paragraph 19 is deemed to contain factual allegations, Defendant denies each and every allegation.

20.     In response to Paragraph 20 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## CLASS ACTION ALLEGATIONS

21.     In response to Paragraph 21 of the Complaint, Defendant denies each and every allegation.

22.     In response to Paragraph 22 of the Complaint, Defendant denies each and every allegation.

23.     In response to Paragraph 23 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

24.     In response to Paragraph 24 of the Complaint, Defendant denies each and every allegation.

25.     In response to Paragraph 25 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

26.     In response to Paragraph 26 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

27.     In response to Paragraph 27 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

28.     In response to Paragraph 28 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

29.     In response to Paragraph 29 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

30.     In response to Paragraph 30 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## **FACTUAL ALLEGATIONS**

31.     In response to Paragraph 31 of the Complaint, Defendant admits that it operates restaurants with one located in the State of New York.

32.     In response to Paragraph 32 of the Complaint, the allegations contained therein are vague, ambiguous, immaterial, unintelligible, contains legal arguments and conclusions for which no response is required, and the website speaks for itself.  To the extent Paragraph 32 is deemed to contain factual allegations, Defendant denies each and every allegation.

33.     In response to Paragraph 33 of the Complaint, the allegations contained therein are vague, ambiguous, immaterial, unintelligible, contains legal arguments and conclusions for which no response is required, and the website speaks for itself.  To the extent Paragraph 33 is deemed to contain factual allegations, Defendant denies each and every allegation.

34.     In response to Paragraph 34 of the Complaint, the allegations contained therein are vague, ambiguous, immaterial, unintelligible, contains legal arguments and conclusions for which no response is required, and the website speaks for itself.  To the extent Paragraph 34 is deemed to contain factual allegations, Defendant denies each and every allegation.

35.     In response to Paragraph 35 of the Complaint, Defendant denies each and every allegation.

36.     In response to Paragraph 36 of the Complaint, Defendant denies each and every allegation.

37.     In response to Paragraph 37 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

38.     In response to Paragraph 38 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

39.     In response to Paragraph 39 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

40.     In response to Paragraph 40 of the Complaint, Defendant denies each and every allegation.

41.     In response to Paragraph 41 of the Complaint, Defendant denies each and every allegation.

42.     In response to Paragraph 42 of the Complaint, Defendant denies each and every allegation.

43.     In response to Paragraph 43 of the Complaint, Defendant denies each and every allegation.

44.     In response to Paragraph 44 of the Complaint, Defendant denies each and every allegation.

45.     In response to Paragraph 45 of the Complaint, Defendant denies each and every allegation.

46.     In response to Paragraph 46 of the Complaint, Defendant denies each and every allegation.

47.     In response to Paragraph 47 of the Complaint, Defendant denies each and every allegation.

48.     In response to Paragraph 48 of the Complaint, Defendant denies each and every allegation.

49.     In response to Paragraph 49 of the Complaint, Defendant denies each and every allegation.

50.     In response to Paragraph 50 of the Complaint, Defendant denies each and every allegation.

51.     In response to Paragraph 51 of the Complaint, Defendant denies each and every allegation.

52.     In response to Paragraph 52 of the Complaint, Defendant denies each and every allegation.

**FIRST CAUSE OF ACTION**

(Violation 42 U.S.C. §§ 12181, *et seq.* – Title III of the Americans with Disabilities Act)
(on behalf of Plaintiff and Class)

53.     In response to Paragraph 53 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 52 of this Answer as set forth above.

54.     In response to Paragraph 54 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

-7-

55.     In response to Paragraph 55 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

56.     In response to Paragraph 56 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

57.     In response to Paragraph 57 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

58.     In response to Paragraph 58 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

59.     In response to Paragraph 59, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

60.     In response to Paragraph 60, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

61.     In response to Paragraph 61 of the Complaint, Defendant denies each and every allegation.

62.     In response to Paragraph 62 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

63.     In response to Paragraph 63 of the Complaint, Defendant denies each and every allegation.

64.     In response to Paragraph 64 of the Complaint, Defendant denies each and every allegation.

65.     In response to Paragraph 65 of the Complaint, Defendant denies each and every allegation.

66.     In response to Paragraph 66 of the Complaint, Defendant denies each and every allegation.

67.     In response to Paragraph 67 of the Complaint, Defendant denies each and every allegation.

68.     In response to Paragraph 68 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## SECOND CAUSE OF ACTION

(Violation of New York State Human Rights Law, N.Y. Exec. Law,
Article 15 (Executive Law § 292 *et seq.*)
(On behalf of Plaintiff and New York subclass)

69.     In response to Paragraph 69 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 68 of this Answer as set forth above.

70.     In response to Paragraph 70 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

71.     In response to Paragraph 71 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

72.     In response to Paragraph 72 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

73.     In response to Paragraph 73 of the Complaint, Defendant denies each and every allegation.

74.     In response to Paragraph 74 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

75.     In response to Paragraph 75 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

76.     In response to Paragraph 76 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

77.     In response to Paragraph 77 of the Complaint, Defendant denies each and every allegation.

78.     In response to Paragraph 78 of the Complaint, Defendant denies each and every allegation.

79.     In response to Paragraph 79 of the Complaint, Defendant denies each and every allegation.

80.     In response to Paragraph 80 of the Complaint, Defendant denies each and every allegation.

81.     In response to Paragraph 81 of the Complaint, Defendant denies each and every allegation.

82.     In response to Paragraph 82 of the Complaint, Defendant denies each and every allegation.

83.     In response to Paragraph 83 of the Complaint, Defendant denies each and every allegation.

### THIRD CAUSE OF ACTION

(Violation of New York State Civil Rights Law, NY CLS Civ R,
Article 4 (CLS Civ R § 40 *et seq.*)
(On behalf of Plaintiff and New York subclass)

84.     In response to Paragraph 84 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis,

denies each and every allegation.

85.     In response to Paragraph 85 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 84 of this Answer as set forth above.

86.     In response to Paragraph 86 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

87.     In response to Paragraph 87 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

88.     In response to Paragraph 88 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

89.     In response to Paragraph 89 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

90.     In response to Paragraph 90 of the Complaint, Defendant denies each and every allegation.

91.     In response to Paragraph 91 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

92.     In response to Paragraph 92 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

93.     In response to Paragraph 93 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

94.     In response to Paragraph 94 of the Complaint, Defendant denies each and every allegation.

95.     In response to Paragraph 95 of the Complaint, Defendant denies each and every allegation.

96.     In response to Paragraph 96 of the Complaint, Defendant denies each and every allegation.

## FOURTH CAUSE OF ACTION

(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 8-102 *et seq.*)
(On behalf of Plaintiff and New York subclass)

97.     In response to Paragraph 97 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 96 of this Answer as set forth above.

98.     In response to Paragraph 98 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

99.     In response to Paragraph 99 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

100.    In response to Paragraph 100 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

101.    In response to Paragraph 101 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

102.    In response to Paragraph 102 of the Complaint, Defendant denies each and every allegation.

103.    In response to Paragraph 103 of the Complaint, Defendant denies each and every allegation.

104.    In response to Paragraph 104 of the Complaint, Defendant denies each and every allegation.

105.    In response to Paragraph 105 of the Complaint, Defendant denies each and every allegation.

106.    In response to Paragraph 106 of the Complaint, Defendant denies each and every allegation.

107.    In response to Paragraph 107 of the Complaint, Defendant denies each and every allegation.

108.    In response to Paragraph 108 of the Complaint, Defendant denies each and every allegation.

## FIFTH CAUSE OF ACTION

(Declaratory Relief)
(On behalf of Plaintiff and New York subclass)

109.    In response to Paragraph 109 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 108 of this Answer as set forth above.

110.    In response to Paragraph 110 of the Complaint, Defendant denies each and every allegation.

111.    In response to Paragraph 111 of the Complaint, Defendant denies each and every allegation.

## PRAYER FOR RELIEF

112.    In response to Paragraph 112 of the Complaint, Defendant denies each and every allegation, and denies that Plaintiff is entitled to any relief.

113.    In response to Paragraph 113 of the Complaint, Defendant denies each and every allegation, and denies that Plaintiff is entitled to any relief.

114.    In response to Paragraph 114 of the Complaint, Defendant denies each and every allegation, and denies that Plaintiff is entitled to any relief.

115.    In response to Paragraph 115 of the Complaint, Defendant denies each and every allegation, and denies that Plaintiff is entitled to any relief.

116.    In response to Paragraph 116 of the Complaint, Defendant denies each and every allegation, and denies that Plaintiff is entitled to any relief.

117.    In response to Paragraph 117 of the Complaint, Defendant denies each and every allegation, and denies that Plaintiff is entitled to any relief.

118.    In response to Paragraph 118 of the Complaint, Defendant denies each and every allegation, and denies that Plaintiff is entitled to any relief.

119.    In response to Paragraph 119 of the Complaint, Defendant denies each and every allegation, and denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Lack of Standing)

1.    Plaintiff lacks standing to pursue her alleged claims.  To show standing, "a plaintiff has the burden of proving:  (1) that he or she suffered an 'injury in fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Here, Plaintiff lacks standing to pursue her alleged claims because, among other reasons, she is not a bona fide patron, she never attempted to access Defendant's website, and/or she does not intend to access Defendant's website in the future.

-14-

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2.      Plaintiff's claims are barred to the extent they are based on visits to the subject

website beyond the applicable Statute of Limitations.

## THIRD AFFIRMATIVE DEFENSE

(Failure to State a Claim)

3.      The Complaint, and each and every claim therein, fails to state a claim for which

relief can be granted and should, therefore, be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

(Effective Access)

4.      The alleged barriers provided effective access to Plaintiff.  Even if the features

alleged in the Complaint do not comply with applicable access standards, if any applicable

standards exist, Defendant's website nonetheless provided effective access to Plaintiff because

any alleged noncompliance as alleged in the Complaint was *de minimis*, the website was usable

and accessible despite its alleged noncompliance, and/or Plaintiff was able to use and access

Defendant's website.

## FIFTH AFFIRMATIVE DEFENSE

(Defendant Provided Services Via Alternative Methods)

5.      Any alleged wrongful acts or omissions performed by Defendant or its agents, if

there were any, do not subject Defendant to liability because Defendant was ready and willing to

accommodate Plaintiff's alleged disability by providing access via alternative methods, but

Plaintiff never asked for or sought any assistance.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6.      Plaintiff's claims are barred under the doctrine of unclean hands since Plaintiff is
not a bona fide patron, but a serial plaintiff who filed this lawsuit to try to extort a monetary
settlement.  Furthermore, while Plaintiff purports to bring these claims on behalf of himself and a
class on account of the alleged inaccessibility of Defendant's website, Plaintiff's counsel's own
website is not compliant with the standards Plaintiff seeks to impose on Defendant.  In fact,
Plaintiff's counsel's own website contains the following failures to comply with the standards
Plaintiff seeks to impose on Defendant:





## SEVENTH AFFIRMATIVE DEFENSE

### (Technically Infeasible)

7.      Any alleged wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with applicable standards, if any applicable standards exists, for the alleged barriers identified in the Complaint would be technically infeasible.

## EIGHTH AFFIRMATIVE DEFENSE

### (Undue Burden)

8.      Insofar as Defendant has not made changes to its website, which Plaintiff contends should have been made as alleged in the Complaint, those changes were and are not required under federal, or state law, and any requirements to make those changes would impose an undue burden on Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Reasonable Modifications to Policies, Practices and Procedures)

9.      Plaintiff's claims are barred because Defendant was willing to make reasonable

modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged

disability, but Plaintiff never asked for or sought assistance.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

10.     Plaintiff failed to properly mitigate her alleged damages and is purposefully

accessing or alleging to be deterred from accessing Defendant's website in order to improperly

stack her damages and therefore is precluded from recovering those alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Fundamental Alteration)

11.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if

there were any, do not subject Defendant to liability because fixing the barriers alleged in the

Complaint would, if granted, result in a fundamental alteration of Defendant's services.

## TWELFTH AFFIRMATIVE DEFENSE

### (Removal of Access Barriers Was Not Readily Achievable)

12.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if

there were any, do not subject Defendant to liability because the removal of the alleged barriers

identified in the Complaint was not readily achievable or easily accomplishable and/or able to be

carried out without much difficulty or expense when taking into account the factors set forth at

42 U.S.C. § 12181.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Justifications)

13.     The Complaint, and each and every purported claim alleged therein, are barred

because any action taken with respect to Plaintiff was for legitimate, non-discriminatory business

reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

-18-

## FOURTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

14.     Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted.  Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Mootness)

15.     Plaintiff's claims are barred under the doctrine of mootness because Defendant's website complies with all applicable standards, if any exist, and/or, the website is usable and accessible to persons with a vision disability, including Plaintiff, and/or Plaintiff is able to use and access Defendant's website.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Equivalent Facilitation)

16.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided and/or was willing to provide equivalent facilitation with respect to the barriers alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Claims Subject to Arbitration)

17.     Each of Plaintiff's claims are subject to a mandatory and binding arbitration provision set forth in Defendant's terms and conditions.  Plaintiff agreed to abide by Defendant's terms and conditions, including the mandatory arbitration provision, when he utilized Defendant's website/services.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Forum Non Conveniens)

18.     Plaintiff's claims are barred and/or subject to transfer in whole or in part because they have been filed in an inconvenient forum or *forum non conveniens*.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Improper Venue)

19.     Plaintiff's claims are barred and/or subject to transfer in whole or in part because they have been filed an improper venue.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Ripeness/Lack of Due Process)

20.     Plaintiff's claims are barred under the doctrines of ripeness/lack of due process because the Department of Justice has not yet issued any accessibility standards for websites.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

21.     Plaintiff's claims are barred under the doctrine of primary jurisdiction.

## PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1.      That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2.      That Plaintiff take nothing by way of her Complaint;

3.      That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4.      For such further and other relief as the Court may deem just and proper.

DATED:  January 3, 2017                    Sheppard Mullin Richter & Hampton LLP


By   *s/ Sean J. Kirby*
     Sean J. Kirby
     30 Rockefeller Plaza
     New York, New York 10112
     Tel:  (212) 653-8700
     Fax:  (212) 653-8701
     skirby@sheppardmullin.com

     Gregory F. Hurley
     650 Town Center Drive, 4th Floor
     Costa Mesa, California  92626-1993
     Tel:  (714) 513-5100
     Fax:  (714) 513-5130
     ghurley@sheppardmullin.com

     *Attorney for Defendant*
     *Del Frisco's of New York, LLC*

## <u>DEMAND FOR JURY TRIAL</u>

Defendant hereby demands a trial by jury.


DATED:  January 3, 2017                    Sheppard Mullin Richter & Hampton LLP


By   *s/ Sean J. Kirby*
     Sean J. Kirby
     30 Rockefeller Plaza
     New York, New York 10112
     Tel:  (212) 653-8700
     Fax:  (212) 653-8701
     skirby@sheppardmullin.com

     Gregory F. Hurley
     650 Town Center Drive, 4th Floor
     Costa Mesa, California  92626-1993
     Tel:  (714) 513-5100
     Fax:  (714) 513-5130
     ghurley@sheppardmullin.com

     *Attorney for Defendant*
     *Del Frisco's of New York, LLC*